60 F.3d 820
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Phillip BEAVERS, Petitioner,
v.
JEWELL RIDGE COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1594.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 31, 1995.
Decided: July 14, 1995.
 
 Phillip Beavers, Petitioner Pro Se.
 Michael Francis Blair, PENN, STUART, ESKRIDGE & JONES, Abingdon, VA; Rita A. Roppolo, Christian P. Barber, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondents.
 Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Phillip Beavers, a former coal miner, seeks review of a decision and order of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The only issue in this appeal is whether substantial evidence supports the ALJ's finding that Beavers failed to establish total disability due to pneumoconiosis. Because we find that the ALJ committed error in weighing the medical opinion evidence relevant to this issue, we vacate the Board's decision and order that it remand this case to the ALJ for further proceedings.
 
 
 2
 In Robinson v. Pickands Mather & Co., 914 F.2d 35, 38 (4th Cir.1990), we held that a claimant may establish total disability "due to" pneumoconiosis through evidence showing that pneumoconiosis is merely a "contributing cause" of the miner's total disability. The Board and the ALJs* who reviewed this claim found that none of the medical opinion evidence of record tended to meet this standard because, in their view, no opinion of record directly linked pneumoconiosis to the miner's disability. We note, however, that Dr. Cardona found that the miner's capacity to work was ninety percent impaired by pneumoconiosis. This constitutes an opinion that pneumoconiosis strongly contributed to the miner's disability.
 
 
 3
 Because the significance of Dr. Cardona's opinion was not addressed below, we must remand this case in order that Dr. Cardona's opinion may be weighed together with all other evidence relevant to this issue. Accordingly, because substantial evidence does not support the ALJ's decision denying benefits, see Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993), we vacate the Board's decision and remand this case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 *
 This case was initially reviewed by ALJ Ben O'Brien. After his decision was vacated and remanded by the Board, the case was reassigned to ALJ Melvin Warshaw, due to ALJ O'Brien's unavailability